### In re DELLING.

#### (District Court, N. D. New York. June 29, 1903.)

#### No. 1,307.

1. BANKRUPTCY—ALLOWANCE OF CLAIMS—PREFERENCES WHICH MUST BE SURRENDERED.

Under the law as it stood prior to the amendment of February 5, 1903, all of the indebtedness of a bankrupt to a particular creditor existing at the beginning of the four-months period preceding his bankruptcy is to be treated as one claim, and any payment made and received during such period, and while the debtor was insolvent, even in good faith by both parties, constitutes a preference, and must be surrendered before the balance of the claim or any part of it can be allowed.

2 SAME.

In cases arising since such amendment, the rule will be different.

In Bankruptcy. On appeal by the Third National Bank of Syracuse from the decision of C. L. Stone, referee, disallowing its claim or claims, unless it shall first pay to the trustee certain alleged preferences, amounting to the sum of $4,100.

Wilson, Cobb & Ryan, for appellant bank.
Haight & Darling, for trustee.

RAY, District Judge. Myron C. Delling was adjudicated a bankrupt on the 9th day of January, 1903. The facts are agreed upon, and are as follows:

(1) That Myron C. Delling, the bankrupt herein, was insolvent on the 9th day of September, 1902, and continued to be insolvent from that date until and including the 9th day of January, 1903.

(2) That on the 9th day of September, 1902, the said Myron C. Delling was indebted to said Third National Bank by reason of several distinct loans of money made by said Third National Bank to said Delling prior to September 9, 1902, each loan being secured by a distinct promissory note made by said Delling to said Third National Bank, or to L. H. Groesbeck, its cashier, which notes aggregated in amount, exclusive of interest, the sum of $9,500, and which are described as follows:

| Amount. | Date. | When Due. |
|---|---|---|
| Note "A," $1,000 00. | May 19, 1902. | September 21, 1902. |
| Note "B," $1,000 00. | June 2, 1902. | October 5, 1902. |
| Note "C," $1,000 00. | June 13, 1902. | October 20, 1902. |
| Note "D," $1,000 00. | June 20, 1902. | November 5, 1902. |
| Note "E," $1,000 00. | June 30, 1902. | October 30, 1902. |
| Note "F," $1,000 00. | July 8, 1902. | November 20, 1902. |
| Note "G," $1,000 00. | August 21, 1902. | December 5, 1902. |
| Note "H," $1,000 00. | September 3, 1902. | December 15, 1902. |
| Note "I," $1,500 00. | September 3, 1902. | December 31, 1902. |

(3) That on the respective dates hereinafter set forth certain of said loans were paid, and the notes representing the same were surrendered, as follows: Note "A" was paid September 22, 1902; note "B" was paid on October 6, 1902; note "D" was paid November 5, 1902; note "E" was paid October 30, 1902; note "F" was paid November 20, 1902; note "G" was paid to the extent of $600 on December 5, 1902; and a new note for $400 given for the balance due upon the original note, said $400 note being included in the claim filed by the Third National Bank.

(4) The notes marked "H" and "I," respectively, in paragraph 2, were not paid, and are included in the claim filed by the Third National Bank. The note marked "C," in paragraph 2, was not paid, but on October 20, 1902, when it became due, a new note for $1,000, due December 22, 1902, payable to the order of L. H. Groesbeck, cashier of the Third National Bank, was given as renewal of said note marked "C," and said renewal note is included in the claim filed herein by the Third National Bank.

(5) That on November 17, 1902, said Myron C. Delling became indebted to the Third National Bank of Syracuse in the sum of $1,000, the same being for money loaned by said bank to said Delling on that date, and for which the said Delling gave the said bank his promissory note, payable to the order of L. H. Groesbeck, cashier, due one month after date thereof, which note is included in the claim filed by said Third National Bank of Syracuse, and on the 10th day of December, 1902, said Myron C. Delling became indebted to the Third National Bank in the sum of $500, being for money loaned to him by said bank on that date, and for which he gave his promissory note, payable to the order of L. H. Groesbeck, cashier of said bank, dated December 27, 1902, which note is included in the claim of said bank filed herein.

(6) The following is a summary of the facts covered by the foregoing paragraphs: On September 9, 1902, Myron C. Delling, the bankrupt, was indebted to the Third National Bank of Syracuse, N. Y., for money loaned, which was evidenced by nine promissory notes, each representing a distinct loan and debt, the sum of $9,500, exclusive of interest. Between September 9, 1902, and January 9, 1903, the said Delling paid, in settlement of five of said notes, each being for the sum of $1,000, and $600 in part settlement of another note, the sum of $5,600, exclusive of interest. Of the loans made by said bank to said Delling, and the notes given therefor, prior to September 9,

1902, one of $1,500 and one of $1,000 were not paid or renewed—$2,500. One note of $1,000 was renewed and one to the extent of $400 was renewed—$1,400. Between September 9, 1902, and January 9, 1903, two loans of $1,000 and $500, respectively, were made by said bank to said Delling, for which notes were given—$1,500. Total indebtedness owing by Myron C. Delling, bankrupt, to Third National Bank of Syracuse, N. Y., on January 9, 1903, $5,400, exclusive of interest.

(7) That the foregoing payments, and all of them, were received by the Third National Bank, and made by said Myron C. Delling, in the due and ordinary course of business, in the belief on the part of said bank and its officers and said Delling that said Delling was solvent, and without any intention on the part of either of said parties to create a preference in behalf of said Third National Bank, or to secure a greater percentage of the debts of said Third National Bank than other creditors, and were received and paid without knowledge or reason to believe on the part of either of said parties that said payments were preferences, nor were they intended as such.

The case of Pirie v. Chicago Title & Trust Company, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, must be considered as decisive of this case. In that case Mr. Justice McKenna, in giving the opinion of the court, says:

"The question presented by this record is whether payments in money made by an insolvent debtor to a creditor, the debtor not intending to give a preference, and the creditor not having reasonable cause to believe a preference was intended, did nevertheless constitute a preference, within the meaning of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), and were required to be surrendered as a condition of proving the balance of the debt or other claims of the creditor."

Later on in the same opinion, and at page 447, 182 U. S., at page 909, 21 Sup. Ct., and 45 L. Ed. 1171, the court says:

"What a preference is, is plain. What the effect of it is, if taken under the conditions mentioned, is equally plain. So taken, it may be recovered back. If not so taken, it may be kept or surrendered. Unless surrendered, he who received it cannot prove his debt or other debts."

The holding of the Supreme Court is plain, that where a creditor of the bankrupt during the period of insolvency held one or more claims against the bankrupt, and received payment of one or more, in whole or in part, such payment constitutes a preference, and such preference must be returned, or the particular claim upon which the payment was made cannot be allowed, nor can other independent and distinct claims be allowed upon which no payment whatever was made. The holding is, in substance, that all of the indebtedness of the bankrupt to the particular creditor existing during the period of insolvency is to be treated as one claim, and any payment made and received, even in good faith by both parties during the period of insolvency, is to be treated as a preference, and must be surrendered before the balance of the claim or any part of it can be allowed.

Applying that decision, which this court is bound to follow, to the case at bar, it must hold that all of the notes mentioned in the conceded statement of facts constituted the claim of the bank against the bankrupt, and that the payment of certain of such notes at the times mentioned constituted a preference, and that such preference, deducting the amount of notes given for moneys borrowed after such pay-

ment, must be returned before the bank can be allowed the notes held at the time of the adjudication in bankruptcy. That this construction of the bankruptcy law works injustice was generally conceded, and by the amendments of February 5, 1903, c. 487, 32 Stat. 797, subdivision "g" of section 57 has been amended to read as follows:

"(g) The claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances."

This case must, however, be decided under the law as it stood before the amendment, as it is provided that the provisions of this amendatory act shall not apply to bankruptcy cases pending when this act takes effect, but such cases shall be adjudicated and disposed of conformably to the provisions of the said act of July 1, 1898.

The result is that the decision of the referee must be affirmed, and the claim of the bank disallowed, unless it shall refund the amounts held to be preferences, and which are specified in the decision of the referee.